IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER LANDERS, an individual residing in California,<br><br>    Plaintiff,<br><br>  v.<br><br>CURRAN & CONNORS INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>                                         / | No. C 05-03169 WHA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND VACATING HEARING** |

## INTRODUCTION

In this action, plaintiff moves for judgment on the pleadings pursuant to FRCP 12(c) before discovery has even commenced. Because this order finds that the answer raises material issues of fact to be explored during discovery, plaintiff's motion is **DENIED**.

## STATEMENT

Plaintiff Hunter Landers filed suit to invalidate an allegedly unlawful anti-competition covenant of an employment agreement with his former employer, defendant Curran & Connors, Inc. ("C & C"). C & C is a graphics design firm incorporated in Delaware, with its principal place of business in New York (Answer ¶ 2). Its primary business is the development and preparation of corporate communications such as websites, brochures and annual corporate reports (*ibid.*). In 1995, plaintiff was hired by C & C to work in its Pennsylvania office; in 1997, he was promoted and began working out of C & C's California office (*id.* ¶ 5). On or around December 1, 1999, plaintiff executed an employment contract entitled "Employment

1  and Non-Competition Agreement," a copy of which is purportedly appended as an exhibit to the
2  complaint; defendant denies that this agreement was executed in California (*id.* ¶ 6). Defendant
3  admits that Paragraph 6(a)(iii) stated (*id.* ¶ 7):

> The Employee will not directly or indirectly (A) interfere with, solicit or accept for anyone other than the Corporation any business of the type served or solicited by the Employee while in the Corporation's employment, or (B) perform any services of any competitive nature for anyone other than the Corporation, or (C) engage in or conduct any business which directly or indirectly competes with, restricts or interferes with the business of the Corporation, in any State in which the Employee is authorized to solicit business on behalf of the Corporation (as set forth in Section 2 of this Agreement and as hereafter expanded) for a period of two years commencing on the date of the termination of the Employee's employment relationship with the Corporation; provided, however, that the restrictions of this subparagraph (iii) shall apply only if the Employee voluntarily terminates his employment relationship with the Corporation (including a termination incident to the Employee's retirement or disability) or if the Corporation terminates the employment relationship for Cause (as defined in Section 7 of this Agreement).

On July 5, 2005, plaintiff resigned, effective July 19, 2005 (*id.* ¶ 8). Plaintiff is now employed in the California office of Creative Strategy Group, Inc. ("CSG"), another graphics design company which is incorporated in New Jersey, with its principal place of business in Pennsylvania (Compl. ¶ 9). C & C admits that in certain markets, it competes directly with CSG for the business of certain customers (Answer ¶ 16).

The complaint was filed in San Mateo County Superior Court on July 5, 2005, and removed on August 4, 2005. Therein, plaintiff seeks declaratory and injunctive relief pursuant to California Business and Professions Code § 16600. Section 16600 provides that, with exceptions not relevant here, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."[*] In addition, the complaint alleges unfair competition in violation of California Buisness and Professions Code § 17200 *et seq*. In short, plaintiff argues that his agreement with C & C unlawfully restricts his employment options and should be declared "unlawful, unenforceable, void and/or voidable" (Compl. at 7–8).

---

[*] The two exceptions are where the party sought to be restrained has either (1) sold the goodwill of a business or an ownership interest in a business to or (2) been in a partnership with the party seeking the restraint. Cal. Bus. & Prof. Code §§ 16601–02.

2

Defendant asserts that the disputed provision is enforceable, but denies threatening to sue plaintiff, intending to enforce the employment agreement to prevent plaintiff from working for CSG, or having a policy of seeking to enforce anti-competition provisions against former employees (Answer ¶¶ 12–13). C & C further denies that it seeks to prevent plaintiff (or any other California employees) from pursuing the employment of his choice in his field of expertise (*id.* ¶¶ 17, 28–29). Defendant also denies that any actual or present controversy exists and raises this as the basis for its Fifth Affirmative Defense (*id.* ¶ 19).

Defendant does admit that "C & C seeks to enforce an anti-competition covenant" (*id.* ¶ 15). Specifically, it argues that it is entitled to seek enforcement "in any other state . . . in which [plaintiff] competes against C & C, such as Washington, Oregon, Nevada and/or Arizona" (Opp. 5). Its Sixth Affirmative Defense alleges that New York law applies to the employment agreement and the provision may be enforced insofar as plaintiff "seeks to compete in states other than California." Defendant also expressly denies that plaintiff lacks knowledge of its trade secrets and proprietary information, but argues in its Eighth Affirmative Defense that plaintiff's claims are moot so long as he "does not use any of C & C's confidential information or trade secrets in California, and does not compete outside of California in those states covered by the Agreement" (Answer ¶ 10).

## ANALYSIS

### 1. LEGAL STANDARD.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FRCP 12(c). A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss pursuant to FRCP 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party. *Brennan v. Concord EFS, Inc.*, 369 F. Supp.2d 1127, 1130–31 (N.D. Cal. 2005). The factual allegations of the non-moving party are accepted as true, while the allegations of the moving party, if denied, are assumed to be false. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

3

"Judgment on the pleadings is proper when proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Ibid.* But if the answer raises issues of fact or an affirmative defense that, if proved, would defeat recovery, "it will usually bar judgment on the pleadings." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228 (9th Cir. 1989).

Although materials outside of the pleadings should not be considered, a court may consider all materials properly submitted as part of the complaint, such as exhibits. *Hal Roach Studios*, 896 F.2d at 1555 n.19. Otherwise, if "matters outside the pleadings are presented to and not excluded by the court," the motion must be treated as a summary judgment motion instead. FRCP 12(c).

**2.   APPLICATION.**

By order dated October 3, 2005, the Court indicated that no materials outside the pleadings would be considered on this 12(c) motion; thus, there was no basis for converting it into a summary judgment motion and allowing the parties to conduct immediate discovery.

At this early stage of litigation, it is not particularly surprising that plaintiff has failed to clearly establish, from the pleadings alone, that no material issue of fact remains to be resolved. Defendant has denied numerous allegations so those facts must be assumed false and raised several affirmative defenses, which if proved, would bar relief. Moreover, because defendant is the non-movant, all reasonable inferences must be construed in its favor.

Plaintiff seeks a declaratory judgment, which requires him to demonstrate that there is "a case of actual controversy." 28 U.S.C. 2201. Curiously enough, on the face of the pleadings, the parties appear to agree that plaintiff's employment options within the state of California are *not* restricted by his employment agreement with C & C. Defendant expressly denies threatening to sue plaintiff or intending to prevent him from continuing to work for CSG. The Sixth Affirmative Defense even alleges that "California's interests with respect to competition provisions do not apply" in other states, which implicitly acknowledges that such provisions would likely be rendered unenforceable in California (Answer at 5). Likewise, the

4

1  Eighth Affirmative Defense alleges that plaintiff's claims are moot so long as he does not use
2  any of C & C's confidential information or trade secrets in California or attempt to compete in
3  other states (*id.* at 6).

4  If there is no dispute with respect to plaintiff's right to work in California, the only
5  controversy, ("actual" or otherwise), is whether any anti-competition provisions would be
6  unenforceable in *other* states. Plaintiff greatly oversimplifies the issue by arguing that there is
7  an actual case or controversy because it seeks to void a provision that defendant seeks to
8  enforce (Reply Br. 3). Defendant's admission that it "*seeks* to enforce an anti-competition
9  covenant" is not necessarily inconsistent with its recognition that it would likely be
10 unsuccessful in California (Answer ¶ 15)(emphasis added). Nor does the fact that defendant
11 filed an opposition, rather than stipulating to plaintiff's desired relief, have any bearing on
12 whether there is an *actual* controversy. Defendant denies threatening plaintiff with any lawsuit,
13 at least not yet. The pleadings are silent as to whether plaintiff performs any work for his
14 current employer (or seeks other employment) outside California. Construing all facts and
15 inferences in defendant's favor, the Court must assume not. The possibility that defendant will
16 succeed in proving this affirmative defense is sufficient to defeat a 12(c) motion.

17 Even assuming *arguendo* that an actual controversy exists, however, the Court disagrees
18 with plaintiff's assertion that there are "sufficient admissions of record" in the pleadings to
19 clearly establish that the application of California law justifies a judgment in his favor, even in
20 *other* states (Br. 7). Plaintiff appears to be conflating two separate issues: (1) which state's law
21 governs the employment agreement and (2) whether California Business and Professions Code
22 § 16600 voids the anti-competition provision. As discussed above, the parties agree that *within*
23 California, no matter what law governs the agreement, § 16600 would trump with respect to the
24 anti-competition provision. But if plaintiff sought employment *outside* California, other states
25 routinely enforce covenants not to compete. The relevant question, then, would be which
26 state's law would govern.

27 Plaintiff insists that California law would govern, but cites no legal authority supporting
28 the proposition that California residency would control as a matter of law. Defendant pleads as

5

an affirmative defense that New York law applies and argues, in the alternative, that the applicable law depends on where the contract is being enforced — *i.e.*, Oregon law would apply if it sought to enforce the agreement in Oregon. Because the employment agreement itself contains no explicit choice-of-law provision, the Court would be forced to engage in an inherently fact-intensive choice-of-law inquiry. Plaintiff's own attempts to interject extrinsic evidence further demonstrates that this is an issue which cannot be resolved on the pleadings alone.

## CONCLUSION

For the reasons stated above, plaintiff's motion for judgment on the pleadings is **DENIED**. The hearing on this motion, currently scheduled for **OCTOBER 20, 2005 AT 8:00 A.M.**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: October 6, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE