IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNTER LANDERS, an individual residing in California,

   Plaintiff,

 v.

CURRAN & CONNORS INC., a Delaware corporation, and DOES 1 through 50, inclusive,

   Defendants.

             /

No. C 05-03169 WHA

**ORDER RE DISCOVERY MOTIONS AND VACATING TELEPHONIC HEARING**

   Ordinarily, a witness has a right to be deposed where he or she resides. This motion poses an interesting wrinkle, however. The New York witness wants to be deposed here in California where his company was sued. He is the CEO. The reason is that, given plaintiff's choice of forum, the company had to hire lawyers in this district. The witness plans to be here in the district anyway and wishes to be deposed here, so as to avoid having to pay for California counsel to travel to New York. The deposing counsel (plaintiff's counsel) is located in Philadelphia. For his own convenience, he has noticed the deposition where the deponent lives.

   Thus, the wrinkle is that the party protected by the place-of-residence rule does not want the protection of the rule.

   Both sides have made legitimate points. The Court has discretion in such matters. The witness has agreed to travel to this district for virtually any day in January or February with reasonable notice. Thus, he is not trying to evade a timely deposition. Given that this will save,

overall, some expense (since the deposition can be combined with business), the Court will allow it, even through it means that the deposition expense will be greater for plaintiff.  It is obvious that plaintiff chose California as a forum given its hostility to the type of restrictive covenant at issue in this action.  It is not unfair to require plaintiff's counsel to take the deposition in the district he himself selected.

Therefore, the deposition of Hank Morris will go forward at 8:00 a.m. on January 23, 2006, in this district at defense counsel's offices unless the parties expressly agree otherwise well before, all parties to absorb their own travel expenses.  If any bombshells emerge during the examination, then counsel may submit that part of the transcript on an expedited and supplemental basis to oppose the motion now set for February 2, 2006.  If Mr. Morris declines to appear on the 23rd as ordered, absent express agreement on an alternative date, then the deposition will go forward in New York the following week.

As for the Florida witness, Mr. Greenberg, the deposition will go forward at 8:00 a.m. on January 24, 2006, in this district at defense counsel's office unless the parties, well before, agree expressly to a different time and place.  If Mr. Greenberg declines to so appear on the 24th, then the deposition may be noticed for the following week in New York, where he works at least part of the time.

The separate motion to stay discovery pending the summary judgment motion is **DENIED** except that defendant is relieved from identifying or revealing anything it genuinely and in good faith contends is a trade secret.  This subject will be opened only if necessary and only upon a specific showing by plaintiff for a need to know, to be made by formal motion to be heard in person and to be briefed on a 35-day track.  Meanwhile, defendant will be barred from relying on any trade secrets that defendant fails to identify in response to any valid and reasonable request, *i.e.*, defendant cannot have it both ways:  relying on alleged secrets it refuses to disclose.  The purpose of this stay is to avoid discovery on a sensitive topic that may prove unnecessary if the case resolves in the interim.

2

1   The telephone conference set for Wednesday, January 11, 2006. at 2:00 p.m. is hereby
2   **VACATED**.

4   **IT IS SO ORDERED.**

6   Dated:  January 10, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California