IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER LANDERS, an individual residing in California,<br><br>    Plaintiff,<br><br>  v.<br><br>CURRAN & CONNORS, INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. C 05-03169 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In this diversity action for declaratory and injunctive relief pursuant to California Business and Professions Code §§ 16600 and 17200, defendant Curran & Connors, Inc. ("C & C") now moves for summary judgment on grounds that a case or controversy no longer exists. Given defense counsel's concessions at oral argument that C & C will not enforce the non-competition covenant in plaintiff Hunter Landers' employment agreement at any time or any place, this action is moot. Defendant's motion, therefore, is **GRANTED**.

**STATEMENT**

This suit began as an attempt by plaintiff to invalidate an anti-competition covenant in an employment agreement with his former employer, C & C. The latter is a graphics-design firm whose primary business is the development and preparation of corporate communications such as annual corporate reports. On July 5, 2005, plaintiff resigned. Plaintiff is now employed in the California office of Creative Strategy Group, Inc. ("CSG"), a graphics-design company that performs similar services to C & C. Defendant asserts that plaintiff's suit fails to present a justiciable case or controversy.

Defendant has consistently maintained that it does not intend to prevent Landers from competing with C & C within California. "[B]oth Hank Morris, C & C's CEO, and Scott Greenberg, C & C's President, have indicated that C & C does not intend to enforce any non-compete provision in the Agreement against Landers in California, based on his activities in California" (Br. 5; Morris Decl. ¶ 9).

Defendant, however, has provided ambiguous statements with respect to whether or not C & C planned to enforce the covenant to prevent Landers' from engaging in competitive activities *outside* of California. For example, defendant's CEO attested that "I, and C & C, have no intention of taking any action against Mr. Landers for competing with C & C. If C & C were to consider changing its intention, such a decision would have to be made on a case-by-case basis only after careful and lengthy consideration of many factors" (Morris Decl. ¶ 10). During his deposition, though, CEO Morris asserted C & C's lack of intention to enforce the covenant against plaintiff regardless of geography (Morris Depo. 75:25–76:7, 80:15–18).

At the hearing on the instant motion, defense counsel, Mr. Ronald B. Turovsky, categorically committed to this latter position. Defense counsel stated that defendant *will not* seek to enforce the anti-competition covenant anywhere or anytime and that Mr. Landers is free to solicit or accept clients anywhere in the world. Defense counsel also confirmed that C & C *will not* seek to restrict Landers' use of certain vendors that C & C also uses. Finally, defense counsel indicated that C & C has no present intention of bringing claims against plaintiff for

misappropriation of trade secrets, although defense counsel reserved the right to pursue such claims should a violation occur.

## ANALYSIS

"A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998) (en banc) (citations omitted). "[A] declaratory judgment may not be used to secure judicial determination of moot questions." *Native Village of Noatak v. Blatchford*, 38 F.3d 1505, 1514 (9th Cir. 1994). Furthermore, "a federal court normally ought not resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at all." *Clinton v. Acequia, Inc.*, 94 F.3d 568 572 (9th Cir. 1996).

Prior to oral argument, the issue at hand was whether the dispute between the parties over the enforceability of the covenant was sufficiently ripe to be justiciable. Even if the dispute was ripe, however, the dispute was resolved during the hearing on this motion. Defense counsel's statements that C & C will not enforce the covenant, no matter where Landers may engage in competitive activity, rendered plaintiff's action moot. If indeed there ever was a sufficient threat to entitle plaintiff to declaratory relief, it is no longer present.

Moreover, in his complaint, plaintiff never requested declaratory relief that defendant may not sue him for misappropriate of trade secrets. Even if such a claim were made, there would be no justiciable dispute. It is too hypothetical that somewhere down the line plaintiff *might* violate a trade secret and that defendant *might* in turn prosecute an action to stop the violation. We cannot adjudicate such hypotheticals.

**CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is **GRANTED**. Judgement will be entered accordingly. Plaintiff's motions to amend and to compel are mooted by this order thus the hearings on those two motions are **VACATED**.

**IT IS SO ORDERED.**

Dated:  February 2, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE