IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER LANDERS, an individual residing in California,<br><br>    Plaintiff,<br><br>  v.<br><br>CURRAN & CONNORS, INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 05-03169 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER JUDGMENT AND VACATING HEARING** |

## INTRODUCTION

In this diversity action for declaratory and injunctive relief pursuant to California Business and Professions Code §§ 16600 and 17200, this Court previously granted summary judgment to defendant Curran & Connors, Inc. on grounds that the action was moot. Plaintiff Hunter Landers now moves pursuant to FRCP 59(e) to alter the judgment. Plaintiff has not demonstrated any grounds to vacate the judgment, but has demonstrated that defendant should not be declared the prevailing party for purposes of costs and attorney's fees. His motion, therefore, is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The facts underlying this litigation are discussed in more detail in the Court's order dated February 2, 2006, granting C & C's motion for summary judgment. In brief, this suit began as an attempt by plaintiff to invalidate an anti-competition covenant in an employment

United States District Court
For the Northern District of California

Case 3:05-cv-03169-WHA   Document 75   Filed 03/21/06   Page 2 of 5

agreement with his former employer, C & C. After resigning, plaintiff took employment in the California office of Creative Strategy Group, Inc., a competitor to C & C.

Defendant initially provided ambiguous statements about whether it planned to enforce the covenant to prevent Landers from engaging in competitive activities outside of California. At the hearing on the summary-judgment motion, however, defense counsel categorically committed to the position that defendant would not so enforce the covenant. Defense counsel stated that defendant *would not* seek to enforce the anti-competition covenant anywhere or anytime and that Landers was free to solicit or accept clients anywhere in the world. Defense counsel also confirmed that C & C *would not* seek to restrict Landers' use of certain vendors that C & C also uses. Finally, defense counsel indicated that C & C had no intention of bringing claims against plaintiff for misappropriation of trade secrets, although defense counsel reserved the right to pursue such claims should a violation occur.

On the basis of defense counsel's representations, the February order found that plaintiff's complaint was moot and summary judgment for C & C was granted. Judgment was entered accordingly on February 2, 2006 (Judgment at 1):

> For the reasons stated in the accompanying order granting summary judgment, **FINAL JUDGMENT IS HEREBY ENTERED** in favor of defendant Curran & Connors, Inc. and against plaintiff Hunter Landers. The Clerk **SHALL CLOSE THE FILE**.

Plaintiff now moves to modify that judgment. He requests that the judgment be amended to read (Br. 1):

> For the reasons stated in the accompanying order granting summary judgment, **FINAL JUDGMENT IS HEREBY ENTERED**, and the Complaint of plaintiff Hunter Landers is dismissed without prejudice as moot, there no longer being any case or controversy. The Clerk **SHALL CLOSE THE FILE**.

## ANALYSIS

Plaintiff seeks (1) to have the dismissal be without prejudice and (2) to find that defendant was not the prevailing party.

**1. LEGAL STANDARD.**

Relief under FRCP 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934,

2

945 (9th Cir. 2003). A motion under FRCP 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

**2.   APPLICATION.**

Plaintiff's instant motion does not provide such "highly unusual circumstances" favoring relief.

*First*, defendant seeks to have the judgment provide that his action was "dismissed without prejudice." As an initial matter, there is no such thing as a judgment for dismissal without prejudice. It is inconsistent with the definition of a judgment. *See* Fed. R. Civ. Proc. 54(a). If plaintiff is correct that the dismissal should have been without prejudice then the judgment would have to be vacated.

But plaintiff is not correct. According to plaintiff, where a court dismisses an action as moot, it *must* be without prejudice. There is no such rule. "Some cases—mainly involving private plaintiffs as well as private defendants—find that discontinuance has mooted the action; even then it *may* be noted that a new action can be filed if the conduct should be resumed." Wright and Miller, *Federal Practice and Procedure*, § 3533.5 (2d Supp. 2005) (emphasis added).

Defendant's authority goes no further. "A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim. *Ordinarily* such a dismissal is 'without prejudice.'" *Korvettes, Inc. v. Galaries Anspach, Inc.*, 617 F.2d 1021, 1024 (3d Cir. 1980) (emphasis added). The *Korvettes* opinion did not announce a rule that dismissal for mootness *must* be without prejudice. Rather, the court merely indicated that such dismissals often will be without prejudice.

Likewise, no Ninth Circuit authority demands that dismissal on mootness grounds be without prejudice. The opinions that plaintiff cites from this circuit and district merely confirm the proposition that such dismissal *may* be without prejudice. *See, e.g.*, *Abe v. Dyer*, 256 F.2d 728, 729 (9th Cir. 1958); *Sharper Image Corp. v. Neotec, Inc.*, 373 F. Supp. 2d 993, 1000 (N.D. Cal. 2005). Defendant provides decisions showing that dismissal for mootness also may be

3

*with* prejudice. *See, e.g.*, *Stewart v. M.M. & P. Pension Plan*, 608 F.2d 776, 785 (9th Cir. 1979); *see also Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1391 (9th Cir. 1985).

The general principles of the mootness doctrine are useful in determining whether dismissal on such grounds should be with prejudice. "Mootness will be found . . . if the plaintiff is not likely to be affected by any repetition of the challenged conduct, or if effective relief can be provided in the event of any recurrence." Wright and Miller, *Federal Practice and Procedure*, § 3533.5 (2d Supp. 2005). If defendant can never again engage in the challenged conduct, the action is permanently moot. Put differently, all potential issues are settled.

Here, defendant, through counsel, has provided judicial admissions that it will not seek to enforce plaintiff's declaratory-relief action. Defendant may not enforce the anti-competition covenant. Should defendant, unwisely, seek to enforce the covenant, plaintiff has effective relief. Much as with a settlement agreement, defendant's judicial admissions will estop any such enforcement action.

In the interim, plaintiff should not continue to dangle this litigation over defendant, threatening defendant that it may be hauled back to court at any moment. It seems ironic that plaintiff, who brought this action under the pretense of avoiding future litigation, is the party most anxious to run to the courthouse.

\*       \*       \*

*Second*, plaintiff seeks to alter the judgment to remove any suggestion that defendant "prevailed" over plaintiff. "[A] dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." Wright and Miller, *Federal Practice and Procedure*, § 2667 (3d ed. 1998). This presumption is modified, however:

> [I]n suits seeking injunctive relief, if the defendant alters its conduct so that plaintiff's claim becomes moot before judgment is reached, costs may be allowed if the court finds that the changes were the result, at least in part, of plaintiff's litigation. The key in these cases is whether the plaintiff actually has gained some benefit, either directly or indirectly, from the litigation. If not, the mootness of plaintiff's claim may prevent a finding that plaintiff is a prevailing party entitled to attorney's fees.

*Ibid*.

4

Here, plaintiff did not derive any actual benefit from this action. Plaintiff did not modify his behavior as a result—he engaged in competitive conduct before and may continue to do so now.

On the other hand, if it is true that defendant *never* had an intention to enforce the anti-competition covenant against plaintiff, defendant could and should have been more forthcoming and clear about this lack of intention. That would have greatly reduced the duration and expense of the litigation.

Due to defendant's delay, the judgment will be altered such that neither party shall be deemed the prevailing party for purposes of costs or attorney's fees. The judgment shall now read as follows:

> For the reasons stated in the order granting summary judgment and in the order granting in part and denying in part the motion to alter judgment, **FINAL JUDGMENT IS HEREBY ENTERED**. Neither party shall be deemed the prevailing party for purposes of costs and attorney's fees. The Clerk **SHALL CLOSE THE FILE**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Finding no further argument on this motion necessary, the hearing is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: March 21, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5